# Hersheaur *against* Hocker.

It is error so to instruct the jury as to direct their minds from the true point of inquiry to one which is not supported by any evidence in the cause.

ERROR to the common pleas of *Dauphin* county.

This was an action of ejectment by Peter Hocker against William Hersheaur, for an acre and a half of land. Every thing material to the point decided is stated in the opinion of the court.

*J. A. Fisher* and *Ayres,* for plaintiff in error.
*Herman Alricks,* for defendant in error.

The opinion of the court was delivered by
KENNEDY, J.—Among the several matters assigned for error, we

think there is only which can avail the plaintiff in error, who was the defendant in the court below, so as to have the judgment reversed.   The court below seemed to think, and accordingly expressed their opinion pretty strongly to the jury, that the decision of the cause did not turn upon the true location of the line which originally divided the official surveys under which the parties respectively claimed, but rather upon the question, whether or not the four surveyors, Hiram H. Hetzel, John Hoffer, Joseph Gray, and John Davis, had, by and with the consent of the parties, established a division-line between their respective lands, by which they had agreed to be bound in future.   In this we think the court were mistaken, but correct in all the other matters excepted to.   There does not appear to have been any evidence given, on the trial of the cause, tending to prove distinctly that it was agreed between the parties to submit the determination of their dispute in this action to the award or decision of the four surveyors, nor yet any evidence given, showing that the dispute between them had been terminated by a compromise.  The only evidence that could be considered as bearing the slightest resemblance to either, is in the testimony, first, of John Davis, who says, " I *thought* Mr Hoffer and Mr Hetzel were chosen by Hocker, and Mr Gray and I by Hersheaur.   I understood from both parties that there was a dispute between them about the line, and they called upon us to fix the corner; we fixed a corner."  He also says, " I thought it was more a compromise than a real corner when we fixed them."   He again says, " none of us could be satisfied that it was the true corner, without running the entire lines, and we talked *among ourselves*, if the parties were not satisfied with it, we would have to run them."   Hoffer says, " Hocker called on me to go there; parties said they were satisfied."   Gray says, " the parties appeared to be satisfied with what was done that day; we went there at the request of the parties; *Hocker asked me to go.*"   Hetzel says, Hocker called on me to go there; the parties said they were satisfied; they said it was near the place as it could be got at."   Davis says he was requested to come there by Hersheaur, and paid for doing so by him.   But the other three surveyors say they were requested and employed to come there by Hocker, and paid by him, as it may be fairly presumed, for what they had done.   None of them, nor does any other witness say that they were mutually chosen by the parties for the purpose of settling and putting a final end to the dispute that existed between them.   Mr Davis says, " I *thought* Mr Hoffer and Mr Hetzel were chosen by Hocker, and Mr Gray and I by Hersheaur."   But he does not say it was so, he only *thought* so; and in this he was clearly mistaken, for excepting himself, they were all selected and brought there, as they say, by Hocker.   In short, it would appear as if these four gentlemen had been taken to the ground of controversy as artists, three of them by Hocker, and the fourth by Hersheaur, for the purpose of view-

ing it, running the lines or boundaries of the lands respectively of the parties, and ascertaining, if practicable, where the true line of division between them was actually located; and having done this, to use them as witnesses afterwards, if it should be thought that this evidence would avail any thing on the trial of the cause. For it must be recollected, that this action had been instituted some nine months before they were taken to the ground, and that it was pending at the time. That they were brought to the ground by the parties with a view of making witnesses of them afterwards, if thought advisable, appears to be supported by the evidence of Mr Ayres, who, it seems, was counsel of Hersheaur at the time, and present with the surveyors on the ground, and attended them throughout in all they did. If there had been then any agreement or understanding between the parties, by which they had consented to submit their dispute to the arbitrament of the surveyors, or take their opinion as to where they believed the true line of division to be, and thereafter to abide by it, Mr Ayres, it must be presumed, would have been made acquainted with it by his client, yet he never heard of such thing. He says, " they (meaning the surveyors) appeared to be all satisfied that Hersheaur had none of Hocker's land, and then the thing dropped. The parties were looking on, but said *nothing* that I heard. I, on the *part of Mr Hershauer*, *said, if Mr Hocker will quit*, here is an end of this matter; he made no answer;" so that it is perfectly clear nothing was done, nor intended to be, that should conclude or end this suit in any way, so as to preclude the plaintiff from going on with it afterwards, or the defendant from depending on his original right, according to the true line of division, wherever he might be able to show it was. If such had been the object for which the surveyors were brought together, they ought to have determined also as to the costs of the suit, and to have said how and by whom they should be paid. And more especially ought this to have been done, if what the surveyors did was to be considered, as Mr Davis says, more of a compromise than settling where the real corner stood. Because, had a compromise taken place between the parties pending the action, without settling how and by whom the costs of the action should be paid, it would not be right to make the defendant pay them merely because the plaintiff had obtained some ground by the compromise, which before was claimed by the defendant; for it might well be, that, if the defendant had not given it up, in order to have peace, the plaintiff could never have gained or recovered it. Beside, it may be observed that the plaintiff or his counsel could not have supposed that the settlement of this action was referred to the surveyors to be settled by them, and that it was so settled, or otherwise he would have put an end to it, by making some suitable entry on the record for that purpose. We therefore think that the court erred in not submitting the controversy in this case to the

IX.—2 o*

[Hersheaur v. Hocker.]

jury, as it stood between the parties at the commencement of the action.

Judgment reversed, and a *venire de novo* awarded.